UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS-ROBERT PETERSON,

    Plaintiff,

v.

Case No. 08-14025
Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      June 30, 2009

PRESENT: Honorable Gerald E. Rosen
                Chief Judge, United States District Court

## I. INTRODUCTION

Plaintiff Thomas-Robert Peterson, proceeding *pro se,* commenced this suit in this Court on September 18, 2008, evidently seeking to challenge a determination by the Internal Revenue Service ("IRS") that Plaintiff is liable for unpaid income taxes for the 2000 and 2004 tax years. Although Plaintiff's complaint is not a model of simplicity or clarity, he apparently asserts that he was denied his right to a collection due process hearing in connection with his alleged tax liability, or that the hearing he was afforded was somehow inadequate.

Through a motion filed on January 26, 2009, the Defendant United States of

America seeks the dismissal of Plaintiff's complaint for lack of subject matter jurisdiction, arguing that Plaintiff's proper recourse is to the United States Tax Court rather than federal district court.  Plaintiff has not responded to this motion, but instead has filed a motion seeking an award of summary judgment in his favor.  Having reviewed these submissions and the record as a whole, the Court finds that the pertinent facts, allegations, and legal issues are sufficiently presented in these materials, and that oral argument would not assist in the resolution of the parties' motions.  Accordingly, the Court will decide these motions "on the briefs."  *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan.  For the reasons stated below, the Court agrees with Defendant that this case must be dismissed for lack of subject matter jurisdiction.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

For present purposes, the substantive grounds for Plaintiff's underlying challenges in this case are largely immaterial, and only the procedural background is relevant to the Court's threshold jurisdictional inquiry.  In October of 2007 and March of 2008, the IRS sent letters to Plaintiff notifying him of the agency's intent to levy on his property to collect income taxes he allegedly owed for tax years 2000 and 2004.  These letters informed Plaintiff of his right to appeal the intended levies by requesting a collection due process ("CDP") hearing, and Plaintiff evidently made a timely request for such a hearing.

Although Plaintiff's complaint is not clear on this point, it appears from the submissions accompanying Plaintiff's summary judgment motion that he was offered

only a telephonic CDP hearing, and that he objected to this process and insisted that he be permitted to advocate his position in person before a hearing officer. No such in-person hearing was held, however, and it is not clear whether Plaintiff participated in a telephonic CDP hearing.

On August 20, 2008, the IRS sent Plaintiff two notices — one each for Plaintiff's 2000 and 2004 tax liabilities — of the agency's determination to proceed with its efforts to collect his unpaid income taxes through levies on his property. (*See* Complaint, Ex. B.) In each of these notices, Plaintiff was advised that "[i]f you want to dispute this determination in court, you must file a petition with the United States Tax Court within 30 days from the date of this letter." (*Id.*) In prompt response to these notices, Plaintiff commenced the present suit in this Court on September 18, 2008, rather than proceeding before the Tax Court as he was advised to do in the IRS notices. Through its present motion, the Defendant United States of America argues that this Court lacks subject matter jurisdiction over Plaintiff's various challenges to the IRS's collection effort, and that Plaintiff's proper (and sole) recourse is a petition filed with the United States Tax Court.

### III.  ANALYSIS

As Defendant observes in its motion, the Sixth Circuit recently described the procedures that govern an IRS effort to levy against a taxpayer's property to collect a tax liability:

> Before the IRS may levy against a person's property, it must notify

3

>the taxpayer of his right to a pre-levy hearing. I.R.C. § 6330(a)(1). These hearings are conducted by the IRS Office of Appeals. I.R.C. § 6330(b). During the hearing, a taxpayer may discuss any appropriate spousal defense, the appropriateness of the collection action, and offers to compromise. I.R.C. § 6330(c)(2)(A). The taxpayer may also challenge the underlying liability if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." I.R.C. § 6330(c)(2)(B).

*Wagenknecht v. United States,* 533 F.3d 412, 415-16 (6th Cir. 2008). Following this hearing, if the taxpayer wishes to challenge the decision of the hearing officer, he must appeal to the Tax Court within thirty days of the agency's determination. 26 U.S.C. § 6330(d)(1); *see also Wagenknecht,* 533 F.3d at 416.[1]

In this case, Plaintiff did not appeal to the Tax Court, but instead commenced a suit in this Court. So far as may be gleaned from his submissions to the Court, Plaintiff evidently seeks to justify this course of action by arguing that this Court, and not the Tax Court, is the appropriate forum for addressing his procedural and due process challenges to the manner in which the IRS handled his request for a CDP hearing. More specifically,

---

[1]As Defendant points out, § 6330(d) was amended in 2006 to remove language that provided for judicial review in the federal district court in the event that the Tax Court lacked "jurisdiction of the underlying tax liability." 26 U.S.C. § 6330(d)(1)(B) (2005). As amended, the statute now identifies the Tax Court as the exclusive avenue for review of a hearing officer's determination. *See* Pension Protection Act of 2006, Pub. L. No. 109-280, § 855(a), 120 Stat. 780, 1019 (2006). The amended statute applies here, since the challenged determinations were made in August of 2008, nearly two years after the effective date of the 2006 amendments. *See id.*, § 855(b), 120 Stat. at 1019 (providing that these amendments took effect sixty days after their enactment, or on October 17, 2006). Notably, even in the absence of the 2006 amendments, the Tax Court would have been the proper forum for Plaintiff's appeal, since the Tax Court unquestionably has jurisdiction of the underlying income tax liabilities that gave rise to the IRS's effort to levy on Plaintiff's property. *See Wagenknecht,* 533 F.3d at 416 (explaining that under § 6330(d) prior to its amendment in 2006, "jurisdiction for an appeal of a CDP determination related to income tax liabilities lies solely in the Tax Court").

Plaintiff apparently maintains that the IRS was not at liberty to disregard his objections to a telephonic CDP hearing and his insistence on his right to appear in person before the hearing officer to challenge the IRS's proposed collection effort, and he further contends that these procedural defects give rise to a right of action in the federal district court.

The courts, however, have uniformly rejected the proposition that claims of procedural irregularities or defects in the course of the CDP hearing process may be pursued before the federal district courts, in spite of the statutory command of § 6330(d)(1) that the Tax Court provides the sole avenue of appeal. *See, e.g., Voelker v. Nolen,* 365 F.3d 580, 581 (7th Cir. 2004) (rejecting a taxpayer's argument that "his case does not involve taxes *per se,* but only his right to a due process hearing," and concluding instead that "the crux of [the taxpayer's] dispute with the IRS is obviously his income tax liability"); *Smith v. United States,* No. 08-10288, 2008 WL 5069783, at *1 (5th Cir. Dec. 2, 2008) (holding that "the mere allegation of a due process violation in connection with the CDP hearing process is insufficient to confer jurisdiction on the district court"); *Wos v. United States,* No. 08-1225, 288 F. App'x 297, 298-99 (7th Cir. July 28, 2008) (affirming a district court ruling that it lacked subject matter jurisdiction over a taxpayer's claim "that the IRS ha[d] violated § 6330 and denied him due process by refusing his demand for a face-to-face hearing to contest the levy" against his property); *Barry v. United States,* No. 06-12817, 215 F. App'x 933, 935 (11th Cir. Jan. 31, 2007) (citing and following the rulings of other circuits "that the mere allegation of a due process violation does not confer jurisdiction on the district court if the underlying dispute concerns income

taxes"); *Silver v. Smith,* No. 02-6281, 70 F. App'x 17, 20 (2d Cir. June 27, 2003) (observing that "nothing in the language of § 6330(d)(1) supports [the taxpayer's] argument that Tax Court jurisdiction is limited to reviewing the fact of income tax liability, with challenges to procedure heard in district courts," and explaining that the pre-amendment version of § 6330(d) instead apportions jurisdiction "by the type of tax, not the type of claim"); *Dibble v. Internal Revenue Service,* No. 1:07-CV-1211, 2008 WL 2971496, at *1-*2 (W.D. Mich. June 17, 2008) (dismissing for lack of subject matter jurisdiction a taxpayer's complaint "alleging a violation of due process rights during the CDP [hearing process] based on the denial of a 'face to face interview'").

Having reviewed the language of § 6330(d)(1) and the pertinent case law, the Court elects to follow the uniform weight of authority holding that a taxpayer's sole recourse for challenging a CDP determination concerning income tax liability is to the United States Tax Court, and not the federal district court. Contrary to Plaintiff's contention, there is no exception to this rule for procedural challenges to the CDP hearing process. It follows that this case must be dismissed without prejudice for lack of subject matter jurisdiction. *See Wagenknecht,* 533 F.3d at 416-17.

## IV. <u>CONCLUSION</u>

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's January 26,

2009 motion to dismiss for lack of subject matter jurisdiction (docket #10) is GRANTED. In light of this ruling, IT IS FURTHER ORDERED that Plaintiff's February 9, 2009 motion for summary judgment (docket #11) is DENIED, and that Plaintiff's February 9, 2009 motion for hearing (docket #12) and his April 6, 2009 motion for sealing of affidavit (docket #14) are DENIED AS MOOT.

                                      s/Gerald E. Rosen  
                                      Chief Judge, United States District Court

Dated: June 30, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on    July 1, 2009   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:            Matthew George
, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
  Thomas-Robert Peterson, 15926 Beaverland, Detroit, MI 48223         .

                                      s/Ruth A. Brissaud  
                                      Ruth A. Brissaud, Case Manager  
                                      (313) 234-5137